IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DADRAIN BANKS**                                                                                    **PLAINTIFF**

v.                                        Case No. 4:19-cv-00793 KGB

**DOES, Arkansas State**
**Hospital Staff, Doctors, Nurses**                                                  **DEFENDANTS**

## ORDER

Plaintiff Dadrain Banks, who currently is an inmate at the Garland County Detention Facility, filed a complaint in this case on November 13, 2019 (Dkt. No. 2). On the same day, Mr. Banks filed a motion to proceed *in forma pauperis* (Dkt. No. 1). This motion comported with 28 U.S.C. § 1915(a)(1). However, Mr. Banks did not submit certified trust account information pursuant to 28 U.S.C. § 1915(a)(2), which is required to proceed further. Further, the Court is required to screen Mr. Banks's complaint filed in this action. For the following reasons, the Court dismisses Mr. Banks's complaint.

  I.    *In Forma Pauperis* Application

With regard to Mr. Banks's motion to proceed *in forma pauperis* (Dkt. No. 1), on May 4, 2020, the Court directed Mr. Banks to provide the required certification within 30 days and warned that failure to do so may result in a dismissal of this action (Dkt. No. 7). Mr. Banks has not submitted the certified trust account information to date.

Instead, Mr. Banks represents in a filing sent to the Court on July 28, 2020, that officials from the Garland County Detention Facility refuse to provide him with the certified trust account information or 42 U.S.C. § 1983 forms (Dkt. No. 15). Since he filed this lawsuit, Mr. Banks has submitted approximately 50 documents for filing in this case, but none of those documents relate to the required certified trust account information. Further, Mr. Banks has several cases pending

in the Eastern District of Arkansas and routinely makes filings that he claims apply to all cases (Dkt. No. 5). Due to Mr. Banks's failure to comply with this Court's May 4, 2020, Order, the Court dismisses without prejudice Mr. Banks's complaint (Dkt. No. 2). The Court denies as moot Mr. Banks's motion for leave to proceed *in forma pauperis* (Dkt. No. 1).

**II.     Screening**

The Court also dismisses Mr. Banks's complaint based on screening (Dkt. No. 2). The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Wood,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

In his complaint, Mr. Banks names as defendants the Arkansas State Hospital staff, doctors, and nurses (Dkt. No. 2).  He purports to sue these individuals in their official and personal capacities (*Id.*, at 2).  He complains about treatment he claims to have received (*Id.*, at 4; *see also* Dkt. No. 4).  He seeks only a "cash settlement" from defendants (Dkt. No. 2, at 5).  At no time has Mr. Banks moved to amend his complaint, and at no time has the Court granted or recognized such an amendment.  As the Court is aware, Mr. Banks has several different lawsuits pending in the Eastern District of Arkansas against various defendants (Dkt. No. 5).  For the following reasons, the Court dismisses the claims Mr. Banks asserts in this lawsuit.

To the extent Mr. Banks intends to sue the Arkansas State Hospital, the Arkansas State Hospital is not a "person" capable of being sued under 42 U.S.C. § 1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989).  As a result, his claims against the Arkansas State Hospital are dismissed.

To the extent Mr. Banks asserts official capacity claims against defendant Arkansas State Hospital staff, doctors, and nurses for monetary damages, those claims are the equivalent of claims against the State of Arkansas.  *See Will*, 491 U.S. at 70-71.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is not different from a suit against the State itself."  *Id.* (citation omitted).  Damages claims against state officials under 42 U.S.C. § 1983 are barred by Eleventh Amendment immunity.  Here, Mr. Banks seeks only monetary damages against defendants.  As a result, his official capacity claims for monetary damages against the Arkansas State Hospital staff, doctors, and nurses are dismissed.

To the extent Mr. Banks intends to assert that defendants acted with deliberate indifference to his serious medical needs, to establish a claim for deliberate indifference to a serious medical

need, Mr. Banks must demonstrate: (1) that he suffered from an objectively serious medical need, and (2) that the prison officials actually knew of, but deliberately disregarded, that need. *Vaughn v. Gray,* 557 F.3d 904 (8th Cir.2009). He must show more than negligence, even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation. *Alberson v. Norris,* 458 F.3d 762, 765 (8th Cir.2006) (citing *Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995)). Mr. Banks, in his complaint and all subsequent filings he has made, fails to state a claim for deliberate indifference against defendants upon which relief can be granted. Assuming Mr. Banks suffered from serious medical needs, he has failed to state facts showing that any named defendant deliberately disregarded those needs. Mr. Banks's disagreement or unhappiness with the scope or the results of treatment does not translate into a credible claim that any name defendant deliberately disregarded his serious medical needs. *See Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997) (prison doctors were not deliberately indifferent where they treated prisoner on numerous occasions and offered sensible medication and treatment). The Court therefore dismisses his claims against defendants Arkansas State Hospital staff, doctors, and nurses, who are the only defendants he sues in this action.

In addition to other deficiencies in his complaint, Mr. Banks also has failed to state how he suffered any injury as a result of the named defendants' alleged conduct. *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir.1997) (failure to establish "the detrimental effect of delay in treatment precludes a claim of deliberate indifference"). Accordingly, for all of these reasons, Mr. Banks's claim for deliberate indifference to a serious medical need fails as to all defendants named in this action.

### III. Remaining Pending Motions

Mr. Banks has filed several motions in this case, some of which do not relate to the allegations in his complaint or involve the defendants named. The Court denies Mr. Banks's motions for preliminary injunction and for temporary restraining order, as he does not identify in those motions any named defendant in this action (Dkt. Nos. 26, 48). Instead, Mr. Banks appears to seek relief against Garland County Detention Center employees, who are not named defendants in this case. Moreover, Mr. Banks has not stated a sufficient factual or legal basis to entitle him to a preliminary injunction or temporary restraining order in this case.

The Court grants, in part, and denies in part, Mr. Banks's pending motions for copies (Dkt. Nos. 12, 19, 36, 42). The Court directs the Clerk of Court to send to Mr. Banks a copy of this docket sheet, along with a copy of this Order and the Judgment entered in this case. To the extent Mr. Banks seeks copies of any other documents or items in this case, the Court denies his motions at this time.

The Court denies Mr. Banks's motion to be transferred (Dkt. No. 24). Based on this Court's dismissal of his allegations in this case, Mr. Banks is not entitled to such relief.

In addition, the Court denies as moot Mr. Banks's motion to dismiss party (Dkt. No. 35). The Court also denies as moot Mr. Banks's motion for ruling (Dkt. No. 30) and motions for orders (Dkt. No. 40, 45, 50).

### IV. Conclusion

For the foregoing reasons, the Court dismisses Mr. Banks's complaint.

It is so ordered this 27th day of January, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge